IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |  |
|---|---|---|
| SAMUEL L. LAIDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 621-062 |
| | ) | |
| MS. FNU SHARP; | ) | |
| LT. FNU SHOEMAKER; | ) | |
| SGT. FNU FUGITT; | ) | |
| OFFICER FNU CAIN; and | ) | |
| OFFICER FNU SMART, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.      SCREENING THE COMPLAINT**

   **A.      BACKGROUND**

Plaintiff names the following Defendants: (1) Ms. Sharp, Unit Manager at GSP; (2) Lt. Shoemaker, Correctional Officer at GSP; (3) Sgt. Fugitt, Correctional Officer at GSP; (4) Officer Cain, Correctional Officer at GSP; and (5) Officer Smart, Correctional Officer at GSP. (Doc. no.

1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In a complaint bearing a signature date of September 24, 2021, mailed on August 18, 2021, and filed August 25, 2021,[1] Plaintiff alleges on April 4, 2019, while moving between buildings at GSP, a sergeant told him to stand against the wall because he had been talking in line. (Id. at 5.) Defendants Fugitt and Smart were called to take Plaintiff to segregation, but they instead took him to the medical department for a checkup. (Id.) Plaintiff requested that Defendant Fugitt and Smart remove his leg irons because they had tightened while walking to the medical department. (Id.) These two Defendants refused, but upon entering the medical department, Defendant Smart pulled the leg iron from underneath Plaintiff, at which time Defendants Cain and Fugitt attacked Plaintiff, causing him to fall to the floor and damage two teeth and his bottom lip. (Id.)

While Plaintiff was lying on the floor immobile, Defendant Shoemaker entered the medical department, kneed Plaintiff in the ribs and head, and told Plaintiff to stop resisting. (Id.) Defendant Shoemaker then pulled Plaintiff up by his handcuffs, hurting Plaintiff's hands. (Id. at 6.) Defendant Sharp was in the medical department and saw what the other Defendants were doing to Plaintiff while he was restrained, but she did nothing to stop them. (Id.) Plaintiff does not request any relief. (Id. at 8; doc. no. 8, p. 1.)

---

[1]Plaintiff submitted his complaint without a signature or date of execution. (Doc. no. 1, p. 8.) After multiple opportunities to fix the deficiency, (doc. nos. 3, 5), Plaintiff eventually submitted a dated signature page, (doc. no. 8). The motion to proceed IFP submitted with the complaint is dated July 21, 2021. (See doc. no. 2.)

**B.     DISCUSSION**

**1.      Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

3

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims Are Time Barred

Plaintiff's claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Abreu-Velez v. Board of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff did not date his complaint when he mailed it to the Clerk of Court in August 2021. (See doc. no. 1, p. 8.) According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to

4

proceed *in forma pauperis* ("IFP"). Although Plaintiff submitted a complaint with his IFP motion, the complaint was not signed, in violation of Local Rule 11.1 and Federal Rule of Civil Procedure 11. Local Rule 11.1 and Federal Rule of Civil Procedure 11 require every pleading, motion, or other paper presented for filing be signed by an attorney of record, or by a party personally if the party is proceeding *pro se*. Plaintiff's complaint, received by the Clerk of Court on August 25, 2021, without a signature date, complicates the determination of the exact filing date, as there is no way to attribute the date Plaintiff executed the complaint and placed it in the prison mail system.

However, even giving Plaintiff the benefit of the July 21, 2021 signature date on the motion to proceed IFP accompanying his complaint, (doc. no. 2, p. 2), the claims are untimely. Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the events described in his complaint occurred on April 4, 2019. Thus, Plaintiff's claims are outside of the two-year statute of limitations period and are subject to dismissal.

Because the claims are time-barred, the Court need not address Plaintiff's concession that he filed his case without exhausting administrative remedies, as is required by section 1997e(a) of the Prison Litigation Reform Act ("PLRA"),[2] or his contentions that he could not do so in a timely fashion. (See doc. no. 1, pp. 3-4.)

---

[2]Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."

### 3. Even If the Claims Were Not Time-Barred, Plaintiff's Complaint Should Also Be Dismissed for Plaintiff's Repeated Failure to Comply with Court Orders

Even if all of Plaintiff's claims regarding an episode of alleged excessive force on April 4, 2019 were not time-barred, the case should be dismissed for Plaintiff's repeated failure to comply with court orders. As has been extensively documented in the record, (doc. nos. 6, 9, 11), Plaintiff repeatedly fails to comply with court deadlines and then once the consequences of those failures manifest in recommendations for dismissal, Plaintiff suddenly produces the missing documents, which have been conveniently dated to appear timely, and blames prison officials for any delay. Notably, as explained in a simultaneously entered Order, Plaintiff's explanation for his untimely filings is often self-contradictory, as evidenced by blaming prison officials for not returning paperwork dated October 13, 2021, which Plaintiff claims he did not provide to officials until October 18, 2021. (See doc. nos. 13-15.)

"Deadlines are not meant to be aspirational. . . . A district court must be able to exercise its managerial power to maintain control over its docket." Young v. City of Palm Bay, Fla., 358 F.3d 859, 864 (11th Cir. 2004). The Court recognizes that as an incarcerated litigant, Plaintiff must rely on prison officials for pursuing certain aspects of his case, such as mailing and providing financial information to the Court. However, the Court will not tolerate repeated disregard of case deadlines, with dubious and inconsistent blame repeatedly placed on prison officials for non-compliance even when Plaintiff could have completed the required paperwork himself. For example, Plaintiff's failure to submit a signature for his complaint or return his consent to collection of fees, both papers that did not require input from prison officials, is entirely his own doing.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Plaintiff has been repeatedly warned about the necessity for timely compliance with court deadlines.  The Court will not continue to recommend dismissal, only to grant *de facto* extensions when Plaintiff comes up with missing documentation only *after* the consequence of dismissal is spelled out to him.  As Plaintiff sought to proceed IFP and no portion of the filing fee has been paid, the Court finds the imposition of monetary sanctions is not a feasible sanction.  Thus, even if Plaintiff's claims were not time barred, and they are, the case is due to

be dismissed based on Plaintiff's repeated failure to comply in a timely fashion with the Court's orders.

## II.   CONCLUSION

As explained above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** because his claims are time-barred, as well as because he has repeatedly failed to timely comply with Court orders, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of December, 2021, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA